Hall, Judge.
I’think that the charge of the Judge below was correct. Although the Defendant might have expected, that his account with the Plaintiff would have been settled by the turpentine delivered to him under the contract with Wilson, yet it ought to have occurred to him, that Edwards could not apply it to that purpose without the consent of Wilson, although he might have been disposed to do so.
Neither could the Plaintiff have applied the surplus turpentine delivered to him on the 17th of December, to-the discharge of the Defendant’s account, because he received that also as the agent of Wilson, under the same contract, which Wilson a'nd Powell, the Defendant, had entered into, it is true, that it was to be paid for in goods from the Plaintiff’s store, or by a note on some good person. But the parties to this contract had not *193 agreed to the specific mode of payment. If they had, it does not appear that it was made known to the Plain-r . tut. And it it had been, 1 see it no whore stated, that he was bound to take turpentine, in discharge of Defendant’s account. I cannot see that the fact, that Plaintiff was Wilson's debtor, can alter the view I have taken of the case, or the view which the Defendant himself took of it, when he procured an attachment to be issued against Wilson.
I think that the judgment of the Superior Court should be affirmed.
Per Curiam. — Let the judgment be affirmed.